NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

M. K.
*a minor by his guardian ad litem D.K.*

D.K.

            Plaintiffs,

      v.

Hillsdale Board of Education,
Ann Blanche Smith School,
Kevin Wittekind, John Does 1-2,
ABC Corp. 1-5

           Defendants.

CIVIL ACTION NO. 06-1438
(DRD-SDW)

**OPINION**

LAW OFFICES OF JOSEPH D. SULLIVAN
Joseph D. Sullivan, Esq.
447 Route 10, Suite 8
Randolph, New Jersey 07869
    *Attorneys for Plaintiffs*

CALLAHAN & FUSCO, LLC
Matthew D. Stockwell, Esq.
161 Eagle Rock Ave.
Roseland, New Jersey 07068
    *Attorneys for Defendant*

**DEBEVOISE, Senior District Judge**

      Plaintiffs, M.K., by his guardian ad litem D.K., and D.K., initiated this tort and 42 U.S.C.

§ 1983 action against Defendants Kevin Wittekind ("Wittekind"), Ann Blanche Smith School

("the School"), and Hillsdale Board of Education ("the Board"), as the result of Wittekind's

allegedly duct taping M.K. to a chair, holding him up to ridicule, and carrying him away.  The complaint lists eleven causes of action, including assault and battery, false imprisonment, negligence, negligence in violation of statute, breach of contract, and violation of M.K.'s § 1983 civil rights.[1] Defendants Ann Blanche Smith School and Hillsdale Board of Education now move to dismiss Counts 2, 3, 4, 5, and all claims for punitive damages as to themselves.  For the reasons set forth below, the motion will be granted with respect to Counts 2, 3, 4 (insofar as it alleges an intentional tort), 5, and all claims for punitive damages as they relate to the School[2] and the Board.

## I.  PROCEDURAL HISTORY

Plaintiffs filed a complaint in the Superior Court of New Jersey on February 6, 2006, against defendants, alleging that Wittekind bound Plaintiff M.K. to a chair with duct tape and then carried him away, and enumerating eleven causes of action including assault and battery, negligence, negligence in violation of statute, false imprisonment, and violations of M.K.'s § 1983 rights.  On March 27, 2006, the Board and the School filed a Notice of Removal in this Court pursuant to 28 U.S.C. §1441(a).  They then filed a  motion to dismiss counts 2, 3, 4, and 5 of the complaint as to them, and all claims against them for punitive damages, for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

----

[1]The moving defendants did not raise the question of whether to the extent the claims are brought pursuant to 42 U.S.C. § 1983, they are barred in whole or in part by <u>Monnell v. New York City Department of Social Services</u>, 436 U.S. 658 (1978).

[2]The Court doubts that Ann Blanche Smith School is a legal entity subject to suit separate and apart from the Hillsdale Board of Education.  Neither the School nor the Board raised this question and consequently it will be left for another day.

## II.  FACTS AS ALLEGED IN THE COMPLAINT

On April 7, 2003, M.K., a first grader at the Ann Blanche Smith School, was present in the physical education class taught by Wittekind.  (Complaint ¶10).  The School was and is a public elementary school located in Hillsdale, New Jersey, operated under the authority of the Board.  (Complaint ¶ 8).  While conducting the physical education class, Wittekind taped M.K's arms to his body with duct tape, and then bound M.K.'s ankles to a chair using duct tape. Wittekind displayed M.K. thus restrained before the class, and then removed M.K., still bound to the chair, from the room, causing physical and emotional injuries to M.K.  (Complaint ¶ 11).

### III. DISCUSSION

#### Standard of Review for Dismissal under Fed. R. Civ. P. 12(b)(6)

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Allegations contained in the Complaint will be accepted as true, Cruz v. Beto, 405 U.S. 319, 322 (1972), and Plaintiffs shall be "given the benefit of every favorable inference that can be drawn from those allegations." Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  However, Plaintiffs is required to make factual allegations and cannot rely on conclusory recitations of law.  Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 179 (3d Cir. 1988).

#### Count 2: Intentional Assault and Battery

Count 2 of the Plaintiffs' complaint alleges that Wittekind acted willfully and intentionally towards the minor plaintiff.  (Complaint ¶ 19).   Assuming, as the court must, that Wittekind did act willfully and intentionally, there can be no doubt that Wittekind engaged in

"willful misconduct," rendering the School and the Board immune from vicarious liability.

N.J.S.A. 59:2-10, see also McDonough v. Jorda, 214 N.J. Super. 338, 350 (App. Div. 1986).

Plaintiffs' contention that whether or not Wittekind acted willfully is a question of fact for a jury

is misplaced.  For the purposes of a motion pursuant to Rule 12(b)(6), the court assumes the truth

of the allegations in the complaint– whether the facts are disputed or not is irrelevant.  Cruz v.

Beto, 405 U.S. 319, 322 (1972).  In addition, Plaintiffs' suggestion that "willful misconduct"

means something beyond the intent required for the torts of assault and battery, and instead

requires "actual (not imputed) knowledge that the act is forbidden," Bombace v. City of Newark,

241 N.J. Super. 1, 9-10 (App. Div. 1990) is incorrect.  This formulation is generally not followed

by the New Jersey courts, which more typically view "willful misconduct" as not requiring a

positive intent to injure, and as "an accepted intermediary position between simple negligence

and the intentional infliction of harm."  Foldi v. Jeffries, 93 N.J. 533, 549-50 (1983), citing

Prosser, Torts, § 34 at 184-86 (4th ed. 1971) .  See also Savino v. Paterson Housing Authority,

260 N.J. Super. 316, 321 (App. Div. 1992) quoting McLaughlin v. Rova Farms, Inc., 56 N.J.

288, 305 (1970).  This is a lesser standard than that of intent for the purpose of the torts of assault

and battery, not a more onerous one.

### Count 3: Negligence in Violation of Statute

Plaintiffs maintain that, because N.J.S.A. 9:6-3, which makes it a crime of the fourth

degree to abuse or neglect a child,  is designed for the protection of children, M.K., as a child,

may sue for its breach.  Plaintiffs rely upon Raponotti v. Burnt-Mill Arms, Inc., 113 N.J. Super.

173 (App. Div. 1971) for this proposition.  However, that case held merely that a jury "could

infer negligence from the violation of [such a] statute if the breach thereof was the efficient or

4

proximate cause of the accident." Id. at 180-81 (citations omitted). The Plaintiffs in this case have already alleged negligence in other counts of the complaint, which are not subjects of this motion. Plaintiffs might be entitled, under Raponotti, to introduce violation of N.J.S.A. 9:6-3 as evidence of the negligence alleged in these other counts, but note Fed. R. Evid. 403, which might require exclusion of such evidence as prejudicial. However, the New Jersey courts are hesitant to infer private rights of action from criminal statutes, and in the absence of a private right of action, Plaintiffs may not plead violation of the statute as a separate cause of action in the complaint. See Dello Russo v. Nagel, 358 N.J. Super. 254, 267 (App. Div. 2003) (holding that the criminal statute prohibiting theft by extortion did not create a civil cause of action).

Furthermore, Defendants' brief in support of the motion correctly notes that even if a private cause of action did exist for violations of N.J.S.A. 9:6-3, the breach alleged would constitute a crime, thereby rendering the Board and the School immune from liability under N.J.S.A. 59:2-10, which states: "A public entity is not liable for the acts or omissions of a public employee constituting *a crime* . . ." (emphasis supplied).

### Count 4: Negligent/Intentional Infliction of Emotional Distress

In Count 4, Plaintiffs have pleaded both negligent and intentional infliction of emotional distress in the alternative.[3] To the extent that Count 4 alleges the tort of intentional infliction of emotional distress, it is barred for the reasons discussed above. In support of the claim of intentional infliction of emotional distress, the Plaintiffs have alleged that Defendant Wittekind acted "intentionally, knowingly, willfully and maliciously." (Complaint ¶ 33). As such, the

---

[3]To the extent that Count 4 pleads negligent infliction of emotional distress it is difficult to ascertain what it adds to the Counts already alleging negligence.

conduct alleged constitutes "willful misconduct" within the meaning of N.J.S.A. 59:2-10.  See also McDonough, 214 N.J. Super. at 350.

The cause of action for negligent infliction of emotional distress, however, is not barred. The allegation in Count 4 that Wittekind negligently caused emotional distress to M.K. does not constitute a claim of willful misconduct.  Therefore, the question of liability on the part of the School and the Board turns on whether or not Wittekind was acting within the scope of his employment when he taped M.K. to the chair.  If not, the School and the Board are not vicariously liable.  N.J.S.A. 59:2-2(a).  In determining whether conduct was within the scope of employment, the New Jersey courts have employed language from the Restatement (Second) of Agency § 228, which provides that conduct is within the scope of employment if it is of the kind the employee is employed to perform, it occurs substantially within the authorized time and space limits, and it is actuated, at least in part, by a purpose to serve the master.  DiCosala v. Kay, 91 N.J. 159, 169 (1982).  The Plaintiffs correctly point out that Wittekind's actions took place during a scheduled class on school premises, and thus within the authorized time and space limits.  Furthermore, because Wittekind was responsible for conducting the class and maintaining discipline, his actions were of the kind he was employed to perform, and were actuated, at least in part, by a purpose to serve the school, it is clear that he was acting within the scope of his employment.  Wittekind's actions were certainly not authorized by the school, but "[w]hen the conduct is activated by a purpose to serve the master, the fact that the act is prohibited by the employer is not determinative of the issue."  Cosgrove v. Lawrence, 214 N.J. Super. 670, 678 (App. Div. 1986).  Wittekind's actions are properly regarded as "methods, even though quite improper ones, of carrying out the objectives of the employment," and "foreseeability plays no significant part in determining whether conduct is within the scope of employment."  Cosgrove,

6

214 N.J. Super. at 675 (L. Div. 1986) quoting Prosser, Torts, § 70 (4th ed. 1971) , aff'd, 215 N.J. Super. 561 (L.. Div. 1987).  See also Gibson v. Kennedy, 23 N.J. 150, 158 (1957) (holding that vicarious liability exists "even though the employee's conduct is imbecilic.").

Defendants cannot rely on K.P. v. Deptford Township Board of Education, Superior Court of New Jersey, App. Div. Docket No. A-2917-03T2 (Jan. 11, 2005) (per curiam), since the conduct at issue in that case (sexual harassment), was not only unauthorized, but was also for the "benefit" of the teacher ("to satisfy his sexual appetite").  K.P. at 18. While sexual misconduct is often not considered within the scope of employment, see Cosgrove, 214 N.J. Super. at 675, the use of force, even excessive force, by an employee responsible for maintaining order is within the scope of employment.  See Mason v. Sportsman's Pub, 305 N.J. Super. 482 (App. Div. 1997) (holding that a pub was vicariously liable for the assault and battery committed by its bouncer).

### Count 5: False Imprisonment

False imprisonment is an intentional tort.  See Ptaszynski v. Uwaneme, 371 N.J. Super. 333, 343 (App. Div. 2004).  The count alleging false imprisonment is thus barred against the School and the Board under N.J.S.A. 59:2-10, substantially for the reasons discussed above with regard to Count 2 , in that  it constitutes willful misconduct on the part of Wittekind.  See McDonough, 241 N.J. Super. at 350.

### Punitive Damages

Defendants assert, and Plaintiffs concedes in their memorandum, that N.J.S.A. 59:9-2(c) bars claims for punitive damages against the School and the Board.  As such, the portions of the prayers for relief seeking punitive damages in Counts 2, 4, 5, 9, 10, and 11 will be stricken as to the School and the Board.  In addition, the request for punitive damages contained in Count 11 was inappropriate in that punitive damages are not allowed in claims for breach of contract,

absent extraordinary circumstances.  <u>Sandler v. Lawn-A-Mat Chem. & Equipment Corp.</u>, 141

N.J. Super. 437, 449 (App. Div. 1976) (citations omitted), <u>certif.</u> <u>den.</u> 71 N.J. 503 (1976).


## IV.  CONCLUSION

For the reasons discussed above, the defendants' motion to dismiss will be granted as to

Counts 2, 3, 4 (insofar as it alleges intentional conduct), 5, and all requests for punitive damages.

The court will enter an order implementing this opinion.

**/s/  Dickinson R. Debevoise**
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:          June 28, 2006